**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| CASSIE GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 10-396 (EGS) |
| v. | ) |
| | ) |
| BOARD ON PROFESSIONAL | ) |
| RESPONSIBILITY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Pending before the Court are the motions to dismiss of defendants Board on Professional Responsibility, Elizabeth A. Herman, Elizabeth J. Branda, Charles J. Willoughby, the District of Columbia Court of Appeals, Garland Pinkston, Jr., and Ernest W. Brooks (collectively, "defendants"). Upon consideration of the motions, the responses and replies thereto, the applicable law, and for the following reasons, the Court hereby **GRANTS** defendants' motions to dismiss for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court

must plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

In this case, plaintiff, a Maryland resident, filed a complaint that consists solely of the following statements:

> I am charging Elizabeth A. Herman all name defendants [sic] with falsely submitting my case without consent [sic] to the Petition of Negotiated Discipline hearing committee #4 on March 17th, 2009 with false information and continuing to carry it wrong [sic] thereafter to the court of appeals.
> - Falsifying legal documents, tampering, misrepresentation, negligence.
> - I would like justice and compensation for damages.
> - I request a jury trial.
> - Money is negotiable.

Compl. at 2. The Court finds that this complaint neither presents a federal question nor provides a basis for diversity jurisdiction as plaintiff has failed to allege that the amount in controversy exceeds $75,000. Accordingly, the Court lacks subject matter jurisdiction over plaintiff's action. Because plaintiff's recourse lies, if at all, in the Superior Court of the District of Columbia, the Court **GRANTS** defendants' motions to dismiss. A separate Order of dismissal accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:    EMMET G. SULLIVAN**
**United States District Judge**
**November 2, 2010**

Notice to:
CASSIE GRIFFIN
1302 Lakeside Avenue
Baltimore, MD 21218